UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

***

| | |
|---|---|
| JIMMY ESCOBAR NERIO,<br><br>Petitioner<br><br>v.<br><br>TODD BLANCHE, *et al.*,<br><br>Respondents | Case No. 2:26-cv-02010-MMD-NJK<br><br>ORDER |

## I. SUMMARY

Petitioner Jimmy Escobar Nerio, an immigration detainee challenging the lawfulness of his ongoing federal detention, filed an amended petition for writ of habeas corpus under 28 U.S.C. § 2241. (ECF No. 9 (“Petition”).)[1] For the reasons discussed below, the Court grants the Petition and orders Petitioner be released.

## II. RELEVANT BACKGROUND

Petitioner is a citizen of El Salvador. (ECF No. 9 at 3.) As a youth, he was a member of the MS-13 gang and was punished severely for abandoning the gang in his late teenage years. (*Id.*) Petitioner’s Form I-213, a summary document prepared by the Department of Homeland Security (“DHS”), lists various alleged criminal offenses from when Petitioner lived in El Salvador but without documented disposition. (*Id.* at 4 (citing 9-1 at 4).) Petitioner’s criminal history in the United States, up until this year, was limited illegal reentry convictions. (ECF No. 9 at 3-4.)

///

[1]Respondents filed a motion to dismiss. (ECF No. 13.) The Court denied the motion to dismiss and ordered Respondents to file a complete response in accordance with the Court-ordered briefing scheduled. (ECF No. 14.) Respondents filed a response (ECF No. 15) and Petitioner replied (ECF No. 16).

Petitioner's first interaction with immigration officials documented in his I-213 was in April 2019, when DHS arrested Petitioner under a Form I-200 Warrant for Arrest for suspected presence without legal status. (ECF Nos. 9-1 at 3; 9-3.) An immigration judge ("IJ") granted Petitioner voluntary departure in May 2019 and Petitioner returned to El Salvador voluntarily on June 12, 2019. (ECF No. 9-1 at 4.) On August 2, 2019, Border Patrol arrest Petitioner. (*Id.*) Petitioner was convicted of illegal reentry on August 5 and sentenced to time served. (ECF No. 9 at 4 (citing *United States v. Escobar-Nerio*, Case No. 7:19-po-08253 (S.D. Tex. Aug. 5, 2019), (ECF No. 3)).) Petitioner was deported to El Salvador on October 10. (ECF No. 9-1 at 4.) On September 21, 2020, Border Patrol again detained Petitioner and DHS issued a Form I-871 Notice and Order to Reinstate Prior Removal Order. (*Id.*) Petitioner pled guilty to illegal reentry in December 2020. (ECF No. 9 at 4 (citing *United States v. Escobar-Nerio*, Case No. 20-cr-3273-GPC (S.D. Cal. Dec. 17, 2020), (ECF No. 27)).) Petitioner was deported to El Salvador on January 8, 2021. (ECF No. 9-1 at 4.)

On April 4 of this year, Petitioner was arrested in Las Vegas for driving under the influence. (*Id.*) On April 8, DHS issued a Form I-871 reinstating a prior removal order entered on August 2, 2019. (ECF No. 9-2.) Petitioner was served the Form I-871 but did not receive a copy of the August 2, 2019 removal order that was being reinstated. (ECF No. 9 at 5.) Petitioner was served the Form I-200 Warrant for Arrest issued on August 2, 2019. (ECF Nos. 9 at 1, 10; 9-3.) Petitioner has now been detained in the custody of Immigration and Customs Enforcement ("ICE") for nearly six months. An IJ denied Petitioner release on bond on April 15, finding lack of jurisdiction because Petitioner was "subject to a reinstated removal order." (ECF No. 9-4.) Petitioner reserved his right to appeal the IJ's decision. (*Id.*) On June 25, Petitioner filed a Petition for Review to the Ninth Circuit. (ECF No. 9-5.) On July 6, Petitioner filed a *pro se* petition for writ of habeas corpus with this Court. (ECF No. 4.)

///

///

## III. JURISDICTION

Respondents mention the issue of jurisdiction in the opening of their response, but not in their legal argument. (ECF No. 15 at 1, 3-6.) Respondents attempt to "[r]einstate[] the jurisdiction argument they raised in their motion to dismiss which the Court denied. (*Id.* at at 1 ("Respondents…reassert the basis for a Motion to Dismiss that was previously filed with this Court (ECF No. 13).").) On denying Respondents' motion to dismiss, the Court directed Respondents to file a complete response, noting "Respondents may assert any defense in their response, including lack of subject matter jurisdiction." (ECF No. 14.) Respondents instead seek to improperly incorporate by reference their denied prior pleading.

Even if the Court considered the denied motion to dismiss, Respondents still fail to make a coherent jurisdiction argument. The legal argument in the motion to dismiss solely asserts that Respondents have a right to file a pre-response motion to dismiss but contains no argument regarding jurisdiction. (ECF No. 13 at 2-3.) In both their response and the motion to dismiss, Respondents do not cite a single case or statute to support their contention that the Court lacks jurisdiction over this § 2241 habeas petition. Instead, Respondents merely state that Petitioner filed a petition for review with the Ninth Circuit that "seem[s] to raise the same claims arising out of the same immigration detention associated with [Petitioner's] pending immigration proceedings." (*Id.* at 1.) While Respondents claim Petitioner's filing with the Ninth Circuit "pertain[s] to presumably the same cause of action requested in this present case," Respondents do not produce any of the Ninth Circuit filings to support this supposition. (*Id.*) Respondents only cite Petitioner's exhibit which is merely a docket summary of Petitioner's appeal of some unidentified Board of Immigration Appeals decision. (ECF No. 15 at 1 (citing ECF No. 9-5).) The cited document does not support Respondents' contention that the petition for review addresses the same detention claims raised in this Petition before the Court. Respondents' failure to produce the underlying documentation to support their claim violates the Court's service order which required Respondents to "file any documents

referenced or relied upon in their responsive pleading with that pleading." (ECF No. 3 at 2-3.) Moreover, Petitioner's counsel directly asked Respondents' counsel to provide the Ninth Circuit documents Respondents relied on to make their jurisdiction argument. (ECF No. 16 at 2-4.) According to Petitioner's counsel, Respondents failed to produce any documents and in fact indicated they hadn't reviewed any documents reflecting the substance of the petition for review. (*Id.* at 3.)

In sum, the Court is not persuaded by Respondents' lackluster jurisdiction argument. As Respondents themselves acknowledge in their response, "[s]ection 2241 of Title 28 provides district courts with jurisdiction to hear federal habeas petitions." (ECF No. 15 at 3.) The Court finds no basis to deny jurisdiction over this Petition.

## IV. DISCUSSION

Petitioner seeks habeas corpus relief because he was allegedly unlawfully arrested by ICE. Petitioner argues he was not issued a proper arrest warrant and that his prior final removal order was not reinstated properly, denying him due process. The Court finds Petitioner was not issued a proper arrest warrant and grants Petitioner's habeas relief on this ground.

Immigration arrests are primarily executed through two types of warrants: Form I-200 Warrants of Arrest and Form I-205 Warrants of Removal/Deportation. *See Ger V. v. Mullin*, No. 26-cv-2543-KMM/DTS, 2026 WL 1847044, at *2 (D. Minn. June 26, 2026). Form I-200 Warrants of Arrest are used to detain noncitizens suspected of immigration violations "up to the time removal proceedings are completed." 8 C.F.R. § 236.1. After removal proceedings completed, if a noncitizen received a "final administrative removal order," they are detained through a Form I-205 Warrant of Removal/Deportation. *Id.* at §§ 241.2, 241.3(a).

The parties do not dispute that Petitioner is subject to a final order of removal.[2] (ECF Nos. 15 at 3, 5; 16 at 6.) Accordingly, he "cannot be arrested pursuant to an I-200

---

[2]The Court notes inconsistencies regarding the date of Petitioner's removal order. According to Petitioner's Form I-213, Border Patrol arrested Petitioner in Texas on August

warrant[.]" *Ger V.*, 2026 WL 1847044, at *2 (citing 8 C.F.R. § 241.3(a); *Cesar F.F. v. Blanche*, No. 26-cv-2540-PJS/DTS, (D. Minn. June 2, 2026), (Dkt. 8 at 4); *Moreno v. United States*, No. 1:24-cv-245-RP, 2026 WL 1042030, at *2 n.7 (W.D. Tex. Mar. 25, 2026)); *see also id.* at *2 n.2 ("[B]ecause a final order of removal had already been issued for [Petitioner], that means removal proceedings were over, and he could no longer be arrested pursuant to an I-200 warrant."). Respondents do not produce a valid I-205 warrant. Nor do they claim one exists or that one was issued before Petitioner's arrest. Instead, Respondents assert that the I-200 Warrant of Arrest dated and issued on April 15, 2019 was "valid" to detain Petitioner in April 2026, without further argument or authority. (ECF No. 15 at 5 (citing ECF No. 9-3).) According to federal regulations, and district courts across the country, it was not. *See* 8 C.F.R. §§ 241.2, 241.3(a); *Inti C.-L. v. Blanche*, No. 26-cv-2777-PJS/SGE, 2026 WL 2474390, at *2 (D. Minn. June 9, 2026); *Gumaneh v. Hernandez*, No. C26-2767-BAT, 2026 WL 2624291, at *4 (W.D. Wash. Sept. 4, 2026); *Ger V. v. Mullin*, 2026 WL 1847044, at *2; *De La Rosa Izaguirre v. Blanche*, No. 26-cv-2911-PKC, 2026 WL 2023200, at *11 (E.D.N.Y. July 13, 2026). The Court therefore

---

2, 2019. (ECF No. 9-1 at 4.) Petitioner claimed fear of returning to El Salvador. (*Id.*) Because Petitioner claimed fear of returning to El Salvador, Petitioner was referred to U.S. Citizenship and Immigration Services ("USCIS") for an interview. (*Id.*) USCIS determined Petitioner's fear was not credible on September 26. (*Id.*) ICE then removed Petitioner to El Salvador on October 10, 2019. (*Id.*) However, according to the Form I-871 Notice and Order to Reinstate Prior Removal Order, Petitioner was "subject to a prior order of deportation / exclusion / removal entered on August 2, 2019" and removed on October 10, 2019. (ECF No. 9-2 at 2.) Respondents avoid addressing this inconsistency by refencing "the removal order [that] was issued in 2019." (ECF No. 15 at 5.) Respondents seem to further massage the facts to fit the stated final order of removal date listed on the I-871 by suggesting Petitioner was arrested, had a credible fear interview, was ordered removed, and was deported all on August 2, 2019. (*Id.* at 2.) Respondents then suggest Petitioner reentered again after August 2, leading to his August 5 criminal conviction for illegal reentry and "second" deportation on October 10. (*Id.*) This narrative does not align with the facts outlined in the I-213 and demonstrates the importance of producing the removal order allegedly being reinstated, which Petitioner claims he never received and which the government did not produce to Petitioner or file with the Court. (ECF No. 9 at 5, 9.) Moreover, these inconsistencies suggest Petitioner may not have a final removal order dated August 2, 2019 to reinstate, undermining the reliability of the Form I-871. Petitioner argues the failure to produce this alleged 2019 removal order along with the I-871 renders his detention, based on this flawed reinstated removal order, unlawful. (*Id.* at 7-9.) However, the Court does not reach that issue, finding Petitioner's arrest warrant invalid and therefore his subsequent detention unlawful.

rejects Respondents' characterization that Petitioner is "making an unsubstantiated claim that his arrest was conducted according to the incorrect form." (ECF No. 15 at 5.)

Respondents argue that "[t]he form used did not in any way impact the legality of its issuance." (*Id.*) Respondents cite no authority to support this conclusion, only that "[b]ased on information provided by ICE, probable cause existed and the form identified as a lawful warrant was served on the Petitioner." (*Id.*) The Court rejects this reasoning. The distinction between an I-200 and an I-205 "is not, as [R]espondents seem to imply, simply a matter of the wrong caption on an administrative form; the two warrants differ in who is authorized to issue them. *Compare* 8 C.F.R. § 241.2(a)(1) (listing immigration officials authorized to issue Form I-205 warrants), *with* 8 C.F.R. §§ 236.1(b)(1), 287.5(e)(2) (much longer list of immigration officials authorized to issue Form I-200 warrants)." *Inti C.-L*, 2026 WL 2474390, at *2; *accord Gumaneh*, 2026 WL 2624291, at *4.

Respondents challenge Petitioner's citation to caselaw affirming the due process rights of all individuals within the United States, even those that entered illegally. (ECF No. 15 at 5); *see Wu v. Stamper*, No. 1:26-cv-00090-SDN, 2026 WL 608286, at *3 (D. Me. Mar. 4, 2026) (quoting *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 107 (2020)). Respondents argue, without citing any authority, that this Petition is different because Petitioner illegally entered the country multiple occasions and "engag[ed] in countless criminal actions." (ECF No. 15 at 5.) The Court rejects Respondents' unsupported proposition that some certain number of criminal violations deprives an individual of due process rights.

In sum, the Court finds Respondents' reliance on a seven-year-old Form I-200 Warrant of Arrest to detain Petitioner unlawful. "The arrest was invalid *ab initio* and the proper remedy is release from detention." *Gumaneh*, 2026 WL 2624291, at *4.

///

///

///

## V. CONCLUSION

The Court notes that the parties made several arguments and cited several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Petition.

It is therefore ordered that the Petition is granted. (ECF No. 9.) Respondents must immediately release Petitioner no later than 5:00 PM on Tuesday, October 6, 2026, subject to reasonable terms of supervision. *See* 8 U.S.C. §§ 1231(a)(6), (a)(3). Determining reasonable terms of supervision shall not in any way impede the immediate release of Petitioner.

It is further ordered that Respondents ensure ICE returns all of Petitioner's personal property in their possession at the time of Petitioner's release.

It is further ordered that the parties shall file a joint status report by Wednesday, October 7, confirming Respondents' compliance with this Order.

The Clerk of Court is instructed to enter judgment accordingly and close this case. The Court retains jurisdiction to enforce its order and judgment. Petitioner may move to reopen this case to enforce the judgment without filing a separate case.

DATED THIS 5th Day of October 2026

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE